MICHAEL G. YODER (CA BAR NO. 83059)
myoder@omm.com
MARCUS SALVATO QUINTANILLA (CA BAR NO. 205994)
mquintanilla@omm.com
ANDREW H. HALL (CA BAR NO. 240186)
ahall@omm.com
O'MELVENY & MYERS LLP
610 Newport Center Drive, 17th Floor
Newport Beach, California  92660-6429
Telephone:  949-760-9600
Facsimile:  949-823-6994

Attorneys for Plaintiff Quiksilver, Inc.

JAMES D. NGUYEN (CA BAR NO. 179370)
jnguyen@foley.com
FOLEY & LARDNER LLP
2029 Century Park East, 35th Floor
Los Angeles, California  90067-3021
Telephone:  310-277-2223
Facsimile:  310-557-8475

JEFFREY R. COHEN (*PRO HAC VICE* APPLICATION TO BE SUBMITTED)
cohen@mwzb.com
MILLEN, WHITE, ZELANO & BRANIGAN
2200 Clarendon Boulevard, Suite 1400
Arlington, VA  22201
Telephone:  703-243-6333
Facsimile:  703-243-6410

Attorneys for Defendants Roxy Hunter LLC; Dolphin Entertainment, Inc.; Limco, Inc.; Tween Brands, Inc.; Tween Brands Investment, LLC; and Justice Stores, LLC (erroneously named as Justice:  Just for Girls Stores)

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

# WESTERN DIVISION

| | |
|---|---|
| QUIKSILVER, INC., a Delaware corporation,<br><br>         Plaintiff,<br><br>    v.<br><br>LIMITED TOO, INC., a Delaware corporation, et al.,<br><br>         Defendants. | Case No.  CV 08-1803 RSWL (CWx)<br><br>**STIPULATED PROTECTIVE ORDER**<br><br><br>Judge:    Hon. Ronald S.W. Lew |

WHEREAS, the parties to this action, Plaintiff Quiksilver, Inc., and Defendants Roxy Hunter, LLC, Dolphin Entertainment, Inc., Limco, Inc., Tween Brands, Inc., Tween Brands Investment, LLC and Justice Stores, LLC, believe that certain information that is or may be sought by discovery requests in this action or otherwise produced constitutes trade secrets or other confidential research, development, financial or commercial information within the meaning of Fed. R. Civ. P. 26(c); and

WHEREAS, the parties believe that it would facilitate discovery to produce such information under a protective order pursuant to Fed. R. Civ. P. 26(c);

Therefore, IT IS HEREBY STIPULATED, subject to the approval of the Court, that:

1. In determining the scope of information which a party may designate as its Confidential Information, each party acknowledges the importance of access to all information and therefore agrees that designations of information as Confidential Information shall be made in good faith and (1) not to impose burden or delay on an opposing party, and (2) not for tactical or other advantage in litigation.

Information to be treated under this Protective Order as Confidential Information shall include:

    a. information voluntarily furnished or set forth in response to discovery requests made under Fed. R. Civ. P. 31, 33, 34, or 36, provided that, prior to disclosure to the receiving party, the information or responses are plainly marked by the producing party with a legend bearing the word "CONFIDENTIAL" on each page claimed to contain Confidential Information, or provided that notice in writing is given by the producing party identifying, by unique page identification numbers, the pages that are designated "CONFIDENTIAL";

      b.    information revealed during depositions upon oral examination under Fed. R. Civ. P. 30 or pursuant to subpoena under Fed. R. Civ. P. 45, except that the information revealed during any particular deposition shall cease to be Confidential Information fifteen (15) days after the deposition transcript becomes available, unless before the fifteen (15) day period has expired, the witness, his employer, or his counsel designates in writing that Confidential Information of the witness or his employer is set forth in the transcript and identifies in writing the portions of the transcript that contain that Confidential Information.  In the case of non-party witnesses, either a party or the non-party witness may designate information revealed as its Confidential Information within fifteen (15) days after the deposition transcript becomes available;

      c.    if produced in the litigation, any summary or digest of Confidential Information identified in categories (a)–(b), *supra*, shall also be treated as Confidential Information, provided that prior to production, such summary or digest is plainly marked as "CONFIDENTIAL".

2.    Confidential Information shall be disclosed only to (a) the Court, (b) the parties' respective outside counsel (including support staff as reasonably necessary), (c) outside stenographic court reporters and language translators (including support staff as reasonably necessary), and (d) the additional individuals listed in items (i) through (ix) below:

      (i)    up to three in-house attorneys (including support staff as reasonably necessary) of each party who are responsible for and/or working directly in the prosecution or defense of this action;

      (ii)    up to five corporate representatives of each side (officers, directors, or employees of Plaintiff or Defendant who have been charged by their respective corporations with the responsibility for making business decisions dealing directly with the litigation of this

action);

  (iii) outside technical personnel of each side who need to be consulted by counsel, in the discretion of such counsel, in preparation for proceedings in this action;

  (iv) outside experts and outside consultants retained in this action;

  (v) a deponent or other witness who previously authored or received, a document or thing marked "CONFIDENTIAL" or who is otherwise familiar with the Confidential Information;

  (vi) a deponent appearing as a corporate designee pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure;

  (vii) any representatives of the parties' respective insurers who may have agreed to provide coverage with respect to the defense of claims in this action;

  (viii) paralegals, stenographic, in-house technical personnel and clerical employees, and translators associated with the individuals enumerated in (d) (i) - (vii) above, but only as part of a disclosure to said individuals in accordance with this stipulation and order; and,

  (ix) such other individuals as the parties may stipulate.

3. In the case of disclosure to individuals identified in section 2(d), except for those in subcategories (i), (v), (viii) and (ix), disclosure may be made only if such individuals have read this Stipulation and Protective order and signed an Undertaking in the following form:

# UNDERTAKING

I, _____, hereby certify and undertake as follows:

1. My residence address is _____. My current employer is _____. My business address is _____. My business telephone is _____. My current occupation is _____.

2. I have received a copy of the Stipulation and Protective Order in this action, a copy of which is attached hereto. I have carefully read and understand the provisions of the Stipulation and Protective Order.

3. I will comply with all of the provisions of the Stipulation and Protective Order. I will hold in confidence, will not disclose to anyone not qualified under the Stipulation and Protective Order, and will use only for purposes set forth in the Stipulation and Protective Order any Confidential Information that is disclosed to me.

4. Promptly upon termination of this action, I will return all Confidential Information which came into my possession, and all documents or things which I have prepared relating thereto, to counsel for the party by whom I am employed or retained.

5. I hereby submit to the jurisdiction of this Court in this action solely for the purpose of enforcement of this Stipulation and Protective Order.

_____
(Signature)

4. Any of the parties may designate especially sensitive Confidential Information as being produced for ATTORNEYS' EYES ONLY. This designation shall be made as sparingly as possible. Where the marking or designation of documents, testimony, pleadings, or things is required under paragraph 1 above, a legend bearing the words "ATTORNEYS' EYES ONLY" or its equivalent shall be used in addition to the legend bearing the word "CONFIDENTIAL." Confidential Information which is designated ATTORNEYS' EYES ONLY may be disclosed to any of the individuals identified in paragraph 2 above except as follows: (i) the

number of in-house attorneys for each party under paragraph 2(d)(i) above shall be limited to none (0); (ii) the number of corporate or insurer representatives of each party under paragraphs 2(d)(ii) and (vi) above shall be limited to none (0); (iii) the number of in-house technical personnel of each party under paragraph 2(d)(iii) shall be limited to none (0).

5. Confidential Information shall be revealed by the receiving party only to the persons permitted access to it pursuant to paragraphs 2, 3 and 4 above, and shall not be disclosed by the receiving party to persons other than those specified in paragraphs 2, 3 and 4. Confidential information shall be used by the receiving party solely for the purposes of this action.

6. Any party seeking to file a document under seal shall file an appropriate request with the district judge.

7. This Stipulation and Protective Order shall not prevent either party from moving the Court for an order that information designated as "Confidential Information" is not, in fact, confidential or that the designation of "ATTORNEYS' EYES ONLY" is inappropriate, provided that, prior to making such a motion, the parties shall meet and confer in an attempt to resolve their differences over the designation. On such a motion, the party asserting confidentiality shall have the burden of proving that the Confidential Information in question is protectible under Fed. R. Civ. P. 26(c) or on some other basis, or, as the case may be, that the designation "ATTORNEYS' EYES ONLY" is necessary under the circumstances. A party shall not be obligated to challenge the propriety of a designation of Confidential Information at the time made, and failure to do so shall not preclude subsequent challenge.

8. This Stipulation and Protective Order is without prejudice to the right of either party to move this Court for an Order further restricting disclosure or use of any Confidential Information.

9. Nothing in this Stipulation and Protective Order shall preclude either

party from disclosing or using, in any manner or for any purpose, any information which either was lawfully in its possession prior to being designated Confidential Information in this litigation or was obtained from a third party having the apparent right to disclose such information.

10. Nothing in this Stipulation and Protective Order shall require production of information which a party contends is protected from disclosure by the attorney-client privilege or work-product immunity. If information subject to a claim of attorney-client privilege or work-product immunity is nevertheless inadvertently produced, such production shall in no way prejudice or otherwise constitute a waiver of, or estoppel as to, any claim of privilege or work-product immunity for such information.

11. In the event of any accidental or inadvertent disclosure of Confidential Information other than in a manner authorized by this Stipulation and Protective Order, counsel for the party responsible for the inadvertent disclosure shall immediately notify opposing counsel of all of the pertinent facts, and make every effort to prevent further unauthorized disclosure. Compliance with the foregoing shall not prevent the producing party from seeking further relief from the Court.

12. This Stipulation and Protective Order is valid throughout the course of this litigation (defined to include all proceedings herein, appeals and/or remands), and shall survive the termination of this litigation. Upon final termination of this litigation, all copies of documents designated as containing "Confidential Information" shall be destroyed within sixty (60) days, with the exception of one archival copy of pleadings, correspondence, work product, discovery responses, depositions, deposition exhibits, exhibits and documents included in submissions to the Court which may be retained by outside counsel, and one archival set of produced documents which may be retained by outside counsel for the receiving party for a period of up to five (5) years from the date of termination of this litigation.

[PROPOSED] STIPULATED PROTECTIVE ORDER

13. The terms of this Stipulation and Protective Order may be applied to the documents, information and things received by a party from any person who is not a party to this litigation at the election of such person.

14. Litigation regarding confidentiality designation made under this Stipulation and Protective Order shall be conducted pursuant to Local Rule 37. This order is subject to modification by the Court.

DATED: ~~August~~ September 2, 2008    Respectfully submitted,

MICHAEL G. YODER
MARCUS S. QUINTANILLA
ANDREW H. HALL
O'MELVENY & MYERS LLP

By: _____
ANDREW H. HALL
Attorneys for Plaintiff QUIKSILVER, INC.

DATED: September 2, 2008    WILDMAN, HARROLD, ALLEN & DIXON LLP
JAMES D. NGUYEN

MILLEN, WHITE, ZELANO & BRANIGAN
JEFFREY R. COHEN (*PRO HAC VICE*)

By: _____
JAMES D. NGUYEN
Attorneys For Defendants ROXY HUNTER LLC, DOLPHIN ENTERTAINMENT, INC., LIMCO, INC., TWEEN BRANDS, INC., TWEEN BRANDS INVESTMENT, LLC, and JUSTICE STORES, LLC

## **ORDER**

IT IS SO ORDERED.

_____/S/_____
Hon. Carla M. Woehrle
United States Magistrate Judge